# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES CARTER,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1229**  (BOR Appeal No. 2049450)
(Claim No. 2013015142)

**FISHER AUTO PARTS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Carter, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fisher Auto Parts, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 27, 2014, in which the Board affirmed a May 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 7, 2013, decision denying authorization for twenty-four physical medicine treatments, an upper EMG study, a soft cervical collar, and a TENS unit. Additionally, the Office of Judges affirmed the claims administrator's November 6, 2013, decision denying authorization for chiropractic treatment. Finally, the Office of Judges affirmed the claims administrator's November 7, 2013, decision denying a request to add cervical disc displacement as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Carter injured his back and shoulder on June 6, 2012, when a cable supporting the lift gate of his work vehicle snapped. The claim was subsequently held compensable for left arm pain, right and left shoulder strains, and a cervical strain. A cervical spine MRI was performed

1

on October 3, 2012, which revealed degenerative disc disease at C4-5 and C5-6, with broad-based disc displacement at C4-5 and a right paracentral and pre-foraminal disc protrusion at C5-6. Mr. Carter was released to return to work at full duty on October 5, 2012, by his orthopedic surgeon, Matthew Nelson, M.D.

Mr. Carter was evaluated by Michael Kominsky, D.C., on October 12, 2012. Dr. Kominsky diagnosed Mr. Carter with traumatically-induced disc displacements at C4-5 and C5-6 and a cervical sprain/strain. He recommended that Mr. Carter undergo an upper EMG study due to his ongoing complaints of neurological symptoms in the right upper extremity. Additionally, Dr. Kominsky recommended that Mr. Carter undergo twenty-four physical medicine treatments, and recommended the use of a soft cervical collar and a TENS unit for pain management.

On November 2, 2012, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala opined that the degenerative disc disease at C4-5 and C5-6 with disc displacement at C4-5 and disc protrusion at C5-6 revealed via the October 3, 2012, MRI are all naturally occurring, degenerative in nature, and pre-existed the compensable injury. He noted that Mr. Carter has been released to return to work, opined that he has reached maximum medical improvement, and further opined that Mr. Carter's compensable injuries require no further treatment aside from a home exercise program.

On August 7, 2013, the claims administrator denied Dr. Kominsky's request for authorization of twenty-four physical medicine treatments, an upper EMG study, a soft cervical collar, and a TENS unit. On October 17, 2013, Dr. Kominsky completed a diagnosis update form requesting the inclusion of cervical disc displacement as a compensable component of the claim. On November 6, 2013, the claims administrator denied authorization for chiropractic treatment. On November 7, 2013, the claims administrator denied Dr. Kominsky's request to add cervical disc displacement as a compensable component of the claim.

In its Order affirming the August 7, 2013; November 6, 2013; and November 7, 2013, claims administrator's decisions, the Office of Judges held that Mr. Carter has failed to show that the requested treatment is medically related and reasonably required for the treatment of his compensable injury, and further held that Mr. Carter has failed to show that he sustained a cervical disc displacement in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 27, 2014. On appeal, Mr. Carter asserts that the evidence of record clearly demonstrates that he sustained a displaced cervical disc in the course of and resulting from his employment and is therefore entitled to have cervical disc displacement added as a compensable component of the claim and is also entitled to the requested medical treatment.

The Office of Judges noted that Mr. Carter has been released to return to work by his treating physician, Dr. Nelson. Further, the Office of Judges relied on Dr. Mukkamala's finding that Mr. Carter's degenerative disc disease, cervical disc displacement, and cervical disc protrusion were degenerative in nature and pre-existing. The Office of Judges then concluded that Dr. Kominsky's recommendations that cervical disc displacement be added as a compensable component of the claim and that Mr. Carter undergo additional treatment are not

persuasive in light of the findings of Dr. Nelson and Dr. Mukkamala. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum